IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDAN CYPHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 12-451 |
| CALIFORNIA UNIVERSITY OF ) | Judge Nora Barry Fischer |
| PENNSYLVANIA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Presently before the Court is a Second Motion for Judgment on the Pleadings filed by California University of Pennsylvania, Kirk John, Sammy Lonich, John Cencich, and Geraldine Jones ("Defendants") on September 7, 2012 (Docket No. 20), Defendants' Brief in Support, (Docket No. 21), Plaintiff Brendan Cypher's Brief in Opposition to Defendants' Second Motion for Judgment on the Pleadings (Docket No. 23), Defendants' Reply to Plaintiff's Brief in Opposition (Docket No. 24), and Plaintiff's Post Argument Brief in Opposition to Defendants' Second Motion for Judgment on the Pleadings (Docket No. 33). Upon consideration of these submissions, as well as oral argument heard on October 31, 2012 (Docket No. 28), the facts pled in Plaintiff's Second Amended Complaint (Docket No. 18), and the applicable legal standard governing Rule 12(c) motions, which is the same standard used to evaluate motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as interpreted by the courts in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008), and *Gladden v. Vilsack*, No. 11-3001, 2012 WL 1450531, at *1 (3d Cir. Apr. 27, 2012) (unpublished) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)), among other decisions, it is hereby ORDERED that Defendants' Motion (Docket No. 20) is DENIED.

Defendants' Motion with respect to Plaintiff's § 1983 claim relying on the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution is DENIED, as the Court finds that Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). To bring a successful claim pursuant to 42 U.S.C. § 1983 for a denial of equal protection, Plaintiff must demonstrate the existence of purposeful discrimination and that he was treated differently than others similarly situated to him. *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009). The Supreme Court has held that the disabled are not a suspect class for purposes of an equal protection challenge. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, there must be "no rational relationship between the disparity of treatment and some legitimate governmental purpose" for such a claim to rise to the level of an equal protection violation. *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 377 (2001). In his Second Amended Complaint, Plaintiff has pled that he suffers from depression; that there was a course repeat policy available to all graduate students; that Defendants have honored the requests of other graduate students to exercise their rights under the course repeat policy; and that Defendants denied Plaintiff the opportunity to avail himself of the course repeat policy based on his depression. (Docket No. 18 at ¶¶ 22-24, 44, 45). In this Court's opinion, these allegations are sufficient to survive a motion for judgment on the pleadings.[1]

At this stage of the litigation, "a plaintiff need not establish the elements of a prima facie case; a plaintiff merely must put forth allegations that raise a reasonable expectation that

---

[1] However, to the extent that Plaintiff might later rely on a "failure to accommodate" theory to support his allegations, the Court would advise him that the Equal Protection Clause does not require States to make special accommodations for the disabled under the standard of rational basis review. *See Garrett*, 531 U.S. at 368 ("[i]f special accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protection Clause"); *see also McKivitz v. Township of* Stowe, 769 F. Supp. 2d 803, 831 (W.D. Pa. 2010) ("[t]he requirements of the Equal Protection Clause do not mirror the 'reasonable accommodation' mandates of the FHA, the Rehabilitation Act and the ADA") (citing *Garrett* at 368).

discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213. In light of these pleading requirements, the Court disagrees with Defendants' argument that Plaintiff must specifically name or identify individuals who were treated differently than he in his complaint. (*See* Docket No. 21). Instead, the Court finds persuasive in this instance the Seventh Circuit's decision that "the more demanding pleading requirements under *Iqbal* and *Twombly* do not require a plaintiff to identify specific comparators in a complaint," though Plaintiff may ultimately need to identify specific comparators to prove his case. *Geinosky v. City of Chicago*, 675 F.3d 743, 748, n.3 (7th Cir. 2012). The Court is further persuaded by *Sims v. Court of Common Pleas of Allegheny County*, wherein the Honorable Terrence F. McVerry of this Court held that "the question of whether other employees are similarly situated is fact-intensive" and a plaintiff who has stated a plausible claim for relief should be "entitled to engage in discovery as to whether the alleged comparators are, in fact, similarly situated." No. 10-151, 2010 WL 3896428, at *4 (W.D. Pa. Sept. 30, 2010); *see also Stabile v. Allegheny Ludlum*, No. 12-168, 2012 WL 3877611, at *7 (W.D. Pa. Sept. 6, 2012) (unpublished) ("[t]o the extent that there may be other relevant characteristics of the comparators, those characteristics may be developed during discovery and later challenged in a motion for summary judgment").

Defendants point to Judge McVerry's more recent decision in *Myers v. Shaffer*, and compare the present averments to those of said plaintiff, who asserted that the defendant police officers had investigated the claims of "other citizens" who had requested assistance in certain "standard police matters," although the defendants refused to investigate plaintiff's similar complaints. 2012 WL 3614614, at *12-13 (W.D. Pa. Aug. 21, 2012) (unpublished); (*See* Docket No. 24 at 4) (citing *Myers*, at *12)). However, *Myers* is clearly distinguishable from the case at bar. First, the plaintiff in that case brought his § 1983 claim as a "class of one," *Myers* at *13,

whereas here, Plaintiff has plainly alleged that he is a member of a specific class, namely the disabled (*see* Docket No. 18 at ¶ 23). Additionally, there, the plaintiff had not only failed to plead "a *specific instance* of differential treatment of similarly situated individuals," he had failed to even identify the alleged actors. *Id.* at *12-13 (plaintiff referred to an "unidentified officer or officers of the subject police department…" and generally alleged that they had refused to respond to "[his] complaints of vandalism and theft"). In fact, that plaintiff had not even pled the "'thread-bare recitation of the elements' needed to bring his claim." *Id.* at *13 (quoting *Iqbal*, 129 S.Ct. at 1940).[2] The same cannot be said here, where Plaintiff has averred specific instances of ostensibly discriminatory treatment by the named Defendants.[3] (*See e.g.* Docket No. 18 at ¶¶ 29, 41)

Significantly, the "plausibility" determination promulgated by *Iqbal* is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 129 S.Ct. at 1949) (internal quotation marks omitted). Here, this Court applies its judicial experience and common sense to the academic context in which the alleged acts of discrimination occurred. Under the circumstances, and at this stage of the pleadings, Plaintiff could not have conceivably gathered particulars about similarly situated graduate students concerning disabilities; mental and emotional health; grades; and use of the course repeat policy, given the sensitive and confidential nature of such information.

---

[2] In granting the defendants' motion to dismiss, the Court denied the plaintiff an opportunity to amend his complaint for the second time on the basis of futility. *Myers*, at *13.

[3] To that end, Defendants' reliance on *Nofsinger v. Virginia Commonwealth University*, No. 12-236, 2012 WL 2878608 (E.D. Va. 2012) (unpublished), is also misplaced. (*See* Docket No. 21 at 8-10; Docket No. 24 at 7-8). In *Nofsinger*, the plaintiff brought suit against Virginia Commonwealth University, including a § 1983 equal protection claim, after her dismissal from its graduate physical therapy program. *Nofsinger*, 2012 WL 2878608, at *3. There, the plaintiff alleged that she had suffered discriminatory treatment by faculty members who disallowed her to retake a clinical assignment, although the Student Handbook contained a provision that a student "may" be permitted to repeat unsatisfactory clinical assignments and the defendants had permitted "three to six" other students to do so. *Id.* at *9. However, as in *Myers*, the plaintiff in *Nofsinger* alleged arbitrary treatment by defendants without pleading facts to support an inference of discriminatory intent. The court also found that the plaintiff's claims were insufficient to proceed under a "class of one" theory. *Id.* at *10-11.

Notwithstanding the present decision to deny Defendants' instant motion, the Court reserves comment as to the merits of Plaintiff's case or his ultimate likelihood of success. At this juncture, the Court is satisfied that the existence of the course repeat policy demonstrates its anticipated use and that Plaintiff will more specifically identify comparators with the relevant characteristics during discovery. Taking Plaintiff's allegations as true and weighing all inferences in his favor, Plaintiff has pled facts sufficient to state plausible claims. Such allegations, if proven through discovery, may be sufficient for Plaintiff to prevail under said theory. Accordingly, Defendants' Motion for Judgment on the Pleadings (Docket No. 20) is DENIED, without prejudice to Defendants raising said arguments at the summary judgment stage.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 15, 2012
cc/ecf:  All counsel of record