IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDAN CYPHER,<br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA UNIVERSITY OF<br>PENNSYLVANIA; KIRK JOHN; SAMMY<br>LONICH; GERALDINE M. JONES; and<br>JOHN R. CENICH,<br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 12-451<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Upon consideration of Plaintiff's Motion for Leave to File Third Amended Complaint (Docket No. [49]), its attached proposed Third Amended Complaint (Docket No. [49-1]), Defendants' Response (Docket No. [50]), and after discussion with counsel (Docket No. [51]), this Court GRANTS, IN PART AND DENIES, IN PART the Motion.

The Court denies the Motion, to the extent that it strikes Count 4 in the Third Amended Complaint, which asserts a claim for breach of contract against Defendant California University of Pennsylvania. (Docket No. 49-1, ¶¶ 56–59). The Court finds that it lacks jurisdiction to hear this claim, and that said claim should more properly be brought before the Board of Claims. First, as this Court ruled in *Toth v. California University of Pennsylvania*, 844 F. Supp. 2d 611, 648 (W.D. Pa. 2012) (Fischer, J. Nora Barry), and as the Defendants point out in their Response (Docket No. 50, at 5–6), the Eleventh Amendment immunizes the University from lawsuits seeking monetary relief in federal court. U.S. CONST., amend. XI; 42 PA. CONS. STAT. § 8521(b). Because the Commonwealth has not waived immunity in this case, this Court lacks jurisdiction to hear a claim for breach of contract. Second, this Court finds that the Commonwealth's Board of Claims would be a more appropriate forum for Plaintiff's breach of contract claim. *See*

1

*Scientific Games Int'l, Inc. v. Commonwealth*, 66 A.3d 740, 747–48 (Pa. 2013) ("[T]he Board of Claims has exclusive jurisdiction to decide claims arising from Commonwealth contracts, including the threshold question of whether an enforceable contract actually exists in the first instance."); 62 PA. CONS. STAT. § 1724 (granting jurisdiction over contract disputes to the Board of Claims).

However, the Court grants the Plaintiff's Motion to the extent that it requests leave to add factual averments based on evidence obtained through discovery. *Krugh v. State Farm Ins. Co.*, No. 2:11-cv-1484, 2012 WL 124929, at *1 (W.D. Pa. Jan. 17, 2012) (Fischer, J. Nora Barry).

Thus, Plaintiff shall file its Third Amended Complaint by **September 19, 2013 at 5:00 PM.** Defendants shall file their Answer to the Third Amended Complaint on or before **October 3, 2013**. In addition, upon the filing of said Answer, at the request of counsel (Docket No. [51]), the Court sets forth the following schedule for Summary Judgment Motions, as both parties agreed that no expert discovery is necessary:

**Summary Judgment Schedule**

1. Any motion for summary judgment must be submitted by **November 4, 2013**.
2. The responding party shall file its response by **December 4, 2013**.
3. Reply briefs must be filed by **December 18, 2013**.
4. Sur-reply briefs must be filed by **January 3, 2014**.
5. Argument on same is set for **January 10, 2014 at 1:00 PM.**

Any motion for summary judgment and opposition thereto shall conform to the requirements of Local Rule 56.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: September 19, 2013
cc/ecf: All counsel of record